UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY COONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-0597-CVE-TLW |
| | ) |
| ALLSTATE INDEMNITY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is Allstate's Motion to Dismiss and Motion for Attorney Fees and Costs for Plaintiff's Failure to Cooperate in Discovery (Dkt. ## 32, 33). Defendant Allstate Indemnity Company claims that it has been prejudiced by plaintiff's refusal to participate in discovery, and it asks the Court to dismiss plaintiff's claims as a sanction for his litigation misconduct. Plaintiff Tracy Coons, appearing pro se, has filed a response (Dkt. # 41) to defendant's motion, stating that he gave all of his paperwork to his former attorneys and he "appears before this court to have this matter understood and to be finished with." Dkt. # 41, at 1.

**I.**

On September 19, 2012, plaintiff filed this case in Tulsa County District Court, Oklahoma alleging claims of breach of contract and bad faith against Allstate Indemnity Company (Allstate). Dkt. # 2-1. Plaintiff was represented by counsel when he filed this case. He alleges that he submitted an insurance claim to Allstate following a hail storm, and Allstate intentionally misrepresented to plaintiff that the roof was only slightly damaged. Plaintiff claims that he has received the opinion of a roofing inspector that the hail storm seriously damaged his roof and the entire roof would have to be replaced. Id. at 2. He sought actual and punitive damages in excess

of $10,000. Allstate filed a motion to dismiss or for clarification of damages, and plaintiff filed an amended complaint seeking $42,000 in actual damages and $42,000 in punitive damages. Dkt. # 2-3. On September 25, 2012, Allstate removed the case to this Court on the basis of diversity jurisdiction.

The Court entered a scheduling order (Dkt. # 16) and a settlement conference was set for April 11, 2013 before an adjunct settlement judge. Allstate's attorney contacted plaintiff's counsel to schedule a deposition of plaintiff and an inspection of plaintiff's allegedly damaged roof. Gene P. Dennison, one of plaintiff's attorneys, advised Allstate that he would contact his client to arrange for a deposition and an inspection of the roof, but plaintiff refused to communicate with his attorney. Allstate again contacted plaintiff's counsel to find out if plaintiff had provided any dates for a deposition or inspection, and Allstate was advised that plaintiff's counsel had not spoken to plaintiff. On March 25, 2013, Allstate's attorney again contacted Dennison to schedule plaintiff's deposition and a roof inspection. On March 27, 2013, Dennison informed Allstate that plaintiff failed to appear for a meeting at his attorney's office that day. Allstate sent a notice to plaintiff's counsel stating that it would take plaintiff's deposition on April 8, 2013. Plaintiff had made statements about the "selective annihilation" of government officials and defense counsel had concerns about plaintiff's mental condition. Defense counsel states that he intended to take plaintiff's deposition at the courthouse. Dkt. # 32-7. The attorneys arranged for a deposition of plaintiff at this courthouse on April 8, 2013, and plaintiff received certified mail notifying him of the place and time of the deposition. Dkt. # 32-9. Plaintiff failed to appear for the deposition, and plaintiff's counsel stated

2

on the record that they had not heard from plaintiff for several weeks. Dkt. # 32-12. On April 10, 2013, Magistrate Judge Paul J. Cleary struck the settlement conference set for the following day.[1]

Plaintiff's counsel moved to withdraw from their representation of plaintiff due to plaintiff's refusal to communicate with them and his failure to participate in discovery. Dtk. # 31. On April 16, 2013, the Court permitted plaintiff's counsel to withdraw upon the condition that plaintiff obtain new counsel or enter a pro se appearance. Dkt. # 34. On April 12, 2013, Allstate had filed a motion to dismiss and for attorney fees (Dkt. ## 32, 33) based on plaintiff's failure to cooperate in discovery. On April 29, 2013, plaintiff filed an affidavit (Dkt. # 38) "for the purpose of showing I am communicating with my Attorney of Record, Gene P. Dennison, and following my case as he sends me information that is filed in it." Dkt. # 38, at 1. A copy of a letter was attached to the affidavit and plaintiff acknowledged that he had received a copy of Allstate's motion to dismiss. Plaintiff states that "I can tell that [defense counsel] is trying to understand my behavior, or more appropriately, my inaction," and plaintiff describes himself as "psychologically weak." Id. at 2. He claims that he has to "avoid situations where [he] become[s] overstimulated psychologically, in other words, talking to people endlessly that do not add anything to the conversation . . . ." Id. The Court entered an order (Dkt. # 39) advising plaintiff that his attorneys had been granted leave to withdraw from their representation of plaintiff, and that he was required to obtain new counsel or enter a pro se appearance. The Court also advised plaintiff that his response to defendant's motion to dismiss was due no later than May 3, 2013. Plaintiff entered a pro se appearance (Dkt. # 40) and

---

[1] Plaintiff filed a copy of a letter he had sent to his attorney, wherein he advised his attorney that he would "not accept any judgment that can't be appealed." Dkt. # 24, at 2. He also stated that he would not attend a court-ordered settlement conference, and he asked his attorneys to appear on his behalf. Id.

filed a response (Dkt. # 41) to the motion to dismiss. In his response, plaintiff states that he "appears before this court to have this matter understood and to be finished with," and he quotes Federal Rule of Civil Procedure 41. Dkt. # 41, at 1-2. He also claims that "he has given all paperwork that he has related to this matter to his [a]ttorney . . . ." Id. at 1.

## II.

Defendant asks the Court to dismiss with prejudice plaintiff's claims under Federal Rules of Civil Procedure 37 and 41, because plaintiff has completely failed to participate in discovery and defendant is unable to prepare a defense to his claims. If the Court dismisses plaintiff's claims without prejudice, defendant asks the Court to order plaintiff to pay attorney fees if he chooses to refile his claims. Plaintiff responds that he "appears before this court to have this matter understood and to be finished with," and "he has given all paperwork that he has related to this matter" to his former attorney. Dkt. # 41, at 1.

Under Rule 37(b)(2), a court may sanction a party for violating a discovery order, and dismissal of a plaintiff's claims is permissible sanction. The Tenth Circuit has provided five factors that should be considered before a court may dismiss a plaintiff's claims in whole or in part:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992). These factors do not constitute a rigid test and a district court is free to consider any other factors when determining whether dismissal is an appropriate sanction. Lee v. Max Int'l, LLC, 638 F.3d 1318, 1323 (10th Cir. 2011). Dismissal is a harsh sanction for a discovery violation, and "due process requires that the discovery violation be predicated upon 'willfulness, bad faith, or [some] fault of petitioner' rather than inability to

4

comply." Archibeque v. Atchison, Topeka and Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." Ehrenhaus, 965 F.2d at 921 (quoting Meade v. Grubbs, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

The first Ehrenhaus factor is the degree to which defendant has been prejudiced by plaintiff's litigation misconduct. Plaintiff has completely refused to cooperate in discovery and this has substantially prejudiced defendant. Defense counsel repeatedly contacted plaintiff's former attorneys in an attempt to schedule plaintiff's deposition and to arrange for an inspection of plaintiff's roof, but plaintiff would not communicate with his attorneys. Defendant sent a notice to plaintiff advising him when it would take his deposition and, as an additional precaution, the deposition was to be held at the courthouse. Plaintiff failed to appear at his deposition and plaintiff's counsel confirmed that plaintiff had signed for a certified letter giving him notice of the deposition. Dkt. # 32-12, at 2. Plaintiff's attorneys later withdrew from their representation of plaintiff because he failed to communicate with his attorneys or participate in discovery. Dkt. # 31. The case has been on file since October 2012 and defendant has been unable to take plaintiff's deposition or conduct any other discovery that requires plaintiff's participation, and defendant cannot reasonably prepare a defense to plaintiff's claims under the circumstances.

The second and third Ehrenhaus factors require the Court to consider any interference with the judicial process and the litigant's culpability in any misconduct. Plaintiff's refusal to participate in discovery has essentially shut down the judicial process, because defendant is unable to gather information about plaintiff's claims and defendant cannot reasonably be expected to prepare a motion for summary judgment or any type of defense if the case were to go to trial. Plaintiff is

solely responsible for the disruption of the judicial process. His attorneys repeatedly sought to make contact with plaintiff and they encouraged him to cooperate in discovery, and plaintiff would not communicate with his attorneys. As to the fourth <u>Ehrenhaus</u> factor, plaintiff has not specifically been warned that his case could be dismissed for discovery misconduct, but he has been warned that failing to respond to defendant's motion to dismiss would result in dismissal of his claims. The final factor for the Court to consider is whether a lesser sanction could remedy any prejudice suffered by defendant. Plaintiff's conduct after the motion to dismiss was filed shows that he has no intention of participating in discovery. Defendant has attempted to contact plaintiff to arrange for an inspection of plaintiff's roof, but he refuses to communicate with defense counsel. Dkt. # 46. Plaintiff's response to defendant's motion to dismiss states that he provided all of his paperwork to his former attorneys, and he gives no indication that he intends to participate in discovery if his claims are not dismissed. Dkt. # 41, at 1. Plaintiff has also submitted an affidavit stating that he seeks to "avoid situations where [he] become[s] overstimulated psychologically, in other words, talking to people endlessly that do not add anything to the conversation . . . ." Dkt. # 38, at 2. From the context of the affidavit, it appears that plaintiff is referring to defense counsel and his subsequent conduct shows that he has no intention of communicating with defense counsel. Plaintiff is a <u>pro se</u> litigant and, if he is unwilling to communicate with defendant's attorney, he cannot proceed with the case.

Considering all of the <u>Ehrenhaus</u> factors, the Court finds that plaintiff's claims should be dismissed under Fed. R. Civ. P. 37. Plaintiff has completely failed to participate in discovery and his <u>pro se</u> filings show that he has no intention of participating in discovery. Defendant has suffered substantial prejudice from plaintiff's refusal to cooperate with defendant in the discovery process.

Defendant has given plaintiff numerous opportunities to cooperate in pretrial discovery and plaintiff has refused to communicate with his attorneys or with defense counsel. There is no basis for the Court to find that a lesser sanction would encourage plaintiff to participate in discovery, and dismissal is the only sanction which will remedy the prejudice suffered by defendant.

Defendant asks the Court to impose attorney fees in the event that plaintiff attempts to refile his claims in a subsequent lawsuit. It is unclear how such an order could be enforced and the Court declines to conditionally award attorney fees should plaintiff refile his claims. Plaintiff would not be obligated to refile his claims in this Court and defendant has cited no authority suggesting that another court could enforce a sanction order entered in these proceedings. In lieu of a future award of attorney fees, defendant asks the Court to dismiss plaintiff's claims with prejudice. The Court recognizes that dismissal with prejudice is a severe sanction. Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co., 497 F.3d 1135, 1143 (10th Cir. 2007); Nasious v. Two Unknown B.I.C.E Agents, at Arapahoe County Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2007). The Court finds that plaintiff's litigation misconduct strongly suggests that he filed this case for the purpose of harassing defendant and that if he were to refile this case he would not be likely to participate in discovery. Plaintiff refused to communicate with his own attorneys and, as a pro se litigant, plaintiff will not communicate with defense counsel. Plaintiff's conduct has wasted defendant's time and resources, and plaintiff has also shown complete disregard for the judicial process. The Court could dismiss plaintiff's claims without prejudice and order him to pay attorney fees as a sanction for his conduct. However, it is unlikely that plaintiff would voluntarily comply with an order to pay attorney fees and this would simply cause more expense to defendant if it attempted to collect the attorney fees.

The Court recognizes that dismissal with prejudice is a harsh sanction, but the Court finds that no other remedy will prevent further prejudice to defendant.

**IT IS THEREFORE ORDERED** that Allstate's Motion to Dismiss and Motion for Attorney Fees and Costs for Plaintiff's Failure to Cooperate in Discovery (Dkt. ## 32, 33) is **granted** as to dismissal with prejudice and **denied** as to attorney fees and costs. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that Allstate Indemnity Company's Motion to Strike Scheduling Order for Plaintiff's Continued Failure to Cooperate in Discovery (Dkt. # 50) is **moot**.

**DATED** this 30th day of May, 2013.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE