UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRACY COONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-0597-CVE-TLW |
| ) | |
| ALLSTATE INDEMNITY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for New Trail [sic] in Nonjury Actions (Dkt. # 53). On May 30, 2013, the Court granted defendant Allstate Indemnity Company's (Allstate) motion to dismiss plaintiff's claims due to his refusal to participate in discovery, and entered a judgment of dismissal in favor of defendant. Plaintiff asks the to vacate the judgment of dismissal and to enter a new scheduling order allowing the parties additional time to conduct discovery.

On October 9, 2012, plaintiff filed this case in Tulsa County District Court, Oklahoma, alleging that Allstate breached an insurance contract and acted in bad faith by intentionally misrepresenting to plaintiff the extent to which his roof was damaged after a hail storm. Allstate removed the case to this court on the basis of diversity jurisdiction. Dkt. # 2. Plaintiff was initially represented by counsel, Gene Dennison and James Linger. The Court entered a scheduling order, inter alia, setting a discovery cutoff of April 30, 2013, and a nonjury trial on September 9, 2013. A settlement conference before an adjunct settlement judge was set for April 11, 2013. Plaintiff filed a pro se motion (Dkt. # 24) to strike the settlement conference on the ground that he would refuse to participate in any type of mediation, but the motion was stricken by the magistrate judge because it was not filed by plaintiff's attorney. Plaintiff's counsel filed a motion to withdraw (Dkt.

# 31) from their representation of plaintiff, because plaintiff refused to communicate with his attorneys or participate in any type of discovery. The Court granted the motion to withdraw and directed plaintiff to obtain new counsel or enter a pro se appearance no later than May 1, 2013.

On April 12, 2013, Allstate filed a motion to dismiss and for attorney fees due to plaintiff's failure to participate in discovery. Dkt. ## 32, 33. Plaintiff entered a pro se appearance (Dkt. # 40) and he filed a response (Dkt. # 41) to the motion to dismiss. In his pro se appearance and response, he claimed that he was still represented by Dennison. Plaintiff stated that he "appears before the court to have this matter understood and to be finished with," and he cited Fed. R. Civ. P. 41. Dkt. # 41, at 1-2. Plaintiff's response did not contain any statement suggesting that he would agree to cooperate in the discovery process, and he claimed that "he has given all paperwork that he has related to this matter" to his former attorney. Id. at 1. On May 30, 2013, the Court granted Allstate's motion to dismiss and found that plaintiff's claims should be dismissed with prejudice to refiling. Dkt. # 51. The Court applied the factors stated in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992), and found that no other sanction would remedy the prejudice suffered by Allstate. The Court entered judgment of dismissal on the same day. Plaintiff now asks the Court to vacate its opinion and order (Dkt. # 51) and judgment (Dkt. # 52).

Plaintiff's motion was filed within 28 days of the entry of judgment, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously

2

unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

Plaintiff has filed a motion for new trial, but he does not identify any error with the Court's decision to dismiss his claims. Instead, plaintiff cites Fed. R. Civ. P. 37(f) and "§ 4834"[1] and makes the following statements:

1. Tracy L. Coons, Plaintiff, has not received a copy of the Discovery Plan required by Rule 37(f) FRCVP, from his attorney and the court.

2. Tracy L. Coons, Plaintiff, has not personally spoken with the United States District Judge, therefore, it is understandable as to the opinion the Judge reached in the Opinion and Order, Dated the 30th of May, 2013.

3. Tracy L. Coons, Plaintiff, respectfully submits, that inaction can always be accounted for, whereas action taken will continually be debated.

Dkt. # 53, at 2. Plaintiff has filed an affidavit (Dkt. # 54) signed by Dennison, and Dennison apparently agrees to resume his representation of plaintiff if the motion for new trial is granted. Dennison claims that he spoke to plaintiff and he believes that plaintiff understands "the importance

---

[1]   Section 4834 is not contained in Title 28 of the United States Code and the Court is unable to locate the source of plaintiff's citation.

3

of an orderly progression of his case." Dkt. # 54, at 1. Plaintiff has also filed another pro se appearance in which he asks that Dennison be identified as his attorney of record. Dkt. # 55.

The Court has reviewed plaintiff's post-judgment filings and finds that plaintiff has not asserted a valid ground for reconsideration of the judgment of dismissal. Even under a liberal construction of plaintiff's pro se filings, it is unclear what arguments plaintiff could be asserting in support of his request for reconsideration. Plaintiff could be arguing that he did not personally participate in the preparation of a discovery plan under Fed. R. Civ. P. 26, but his attorney and defense counsel prepared a joint status report (Dkt. # 15) containing all of the information required under Rule 26(f). The lack of plaintiff's direct participation in the drafting of the joint status report is not a basis to vacate the judgment of dismissal. Plaintiff has not identified a change in the law or offered new evidence in support of his claims, and he has not shown that the judgment of dismissal was the result of clear error. In fact, he acknowledges that the Court's decision was "understandable." Dkt. # 53, at 2. The dismissal of plaintiff's claims was caused by his own failure to participate in the prosecution of his claims, and the Court finds no basis to reconsider its opinion and order (Dkt. # 51) or judgment of dismissal (Dkt. # 52).

**IT IS THEREFORE ORDERED** that plaintiff's Motion for New Trail [sic] in Nonjury Actions (Dkt. # 53) is **denied**.

**DATED** this 17th day of June, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE